IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAMUEL A. MIRRA | : | |
| | : | CIVIL ACTION |
| v. | : | No. 13-1677 |
| | : | |
| DANIEL FYNES, et al. | : | |

O'NEILL, J.                                                                                      February 25, 2014

### MEMORANDUM

Before me is a motion by defendants police officer Daniel Fynes, detective John Lundell and Darby Township.  Defendants move to strike Counts I and III of plaintiff Samuel Mirra's complaint, to dismiss Count IV, to dismiss plaintiff's claims of due process and equal protection violations in Count III, and to dismiss plaintiff's Fourth Amendment claims for false arrest, false imprisonment and malicious prosecution in Count II.  Defendants also move to dismiss plaintiff's claims against Detective Lundell and any claims made pursuant to the Delaware Constitution or to Delaware State laws.  For the following reasons, I will grant defendants' motion.

### BACKGROUND

On the morning of May 23, 2011, plaintiff nearly collided into officer Fynes's vehicle as plaintiff was backing out of his driveway.  Dkt. No. 1 at ¶ 7.  Plaintiff continued to operate his vehicle for a number of blocks before officer Fynes stopped him at Ashland and Bartram Avenues in Darby Township.  Id. at ¶ 8.  Fynes then approached plaintiff's vehicle, asked to see his license and insurance owner's card and then told plaintiff that his license was suspended.  Id. at ¶¶ 9-10.  Fynes asked plaintiff to leave his truck and walk with him towards his police vehicle that was located behind plaintiff's car.  Id. at ¶ 10.  Plaintiff was not handcuffed.  Id.  While Fynes and plaintiff were standing at the rear of plaintiff's car, plaintiff told officer Fynes that his

attorney had filed a motion in the Philadelphia Municipal Court to have his DUI suspension dismissed.  Id. at ¶ 12.  Plaintiff claims that Fynes then called him a "fucking liar" and said "shut the fuck up, turn around and put your hands on the vehicle."  Id. at ¶ 13.  Plaintiff responded, "I don't know who the fuck you're talking to, but you can't talk to me like you talk to your wife." Id. at ¶ 14.  Plaintiff contends that Fynes then struck, punched and repeatedly kicked him in the face, head and body after he fell to the ground.  Id. at ¶ 15.

Shortly thereafter, three police officers arrived at the scene and arrested plaintiff.  Id. at ¶ 16.  At approximately 11:00 a.m. plaintiff was taken to the Darby Township police station where he was charged with Pa. Vehicle Code § 1543 (Driving While Suspended DUI Related) and Pa. Crimes Code § 5104 (Resisting Arrest).  Id. at ¶ 17.  Plaintiff claims that while in custody at the Darby Township police station he had wounds to his face, arms, shoulders and legs and complained of severe head pain and an inability to stand or walk because of wooziness.  Id. at ¶ 18.  He was held in custody for five hours.  Id.

At 3:00 p.m. Darby Police took plaintiff to Fitzgerald Mercy Hospital where he was seen in the emergency room and admitted immediately.  Id. at ¶ 19.  Plaintiff claims he was diagnosed with "intracranial bleeding, a left frontoparietal subdural hemorrhage, large abrasions to the left patella and proximal calf, shoulders and hands, multiple cuts and bruises to his legs, abrasions to his head left parietal area, left periorbital swelling, ecchymosis and left eye subconjunctival hemorrhage."  Id. at ¶ 20.  Plaintiff remained in the intensive care unit until he was discharged on May 27, 2011.  Id. at ¶ 21.  On June 5, 2011, plaintiff was admitted to Fitzgerald Mercy Hospital's emergency room when he complained of dizziness and severe headaches.  Id. at ¶ 22. He stayed at the hospital until June 10, 2011 when he was discharged.  Id.  On June 30, plaintiff was arraigned on the charges of Pa. Vehicle Code § 1543 Driving While Suspended DUI Related

and Pa. Crimes Code § 5104 Resisting Arrest.  <u>Id.</u> at ¶ 23.

On July 28, 2011, a preliminary hearing on the charges against plaintiff was held before Court of Common Pleas Judge Frank Hazel.  <u>Id.</u> at ¶ 24.  At the hearing, the Commonwealth amended its complaint against plaintiff and added the charge of aggravated assault, 18 Pa. Cons. Stat. § 2702.  <u>Id.</u>  Shortly thereafter, a warrant for plaintiff's arrest was issued by the Court.  <u>Id.</u> at ¶ 25.  Plaintiff then spent approximately seven months in pre-trial detention before he was tried before the Delaware County Court of Common Pleas.  <u>Id.</u> at ¶ 26.

On February 16, 2012, a jury found plaintiff not guilty of the charges of aggravated assault and resisting arrest but the trial court found plaintiff guilty of two summary disorderly conduct charges and driving on a suspended license, DUI related.  <u>Commw. v. Mirra</u>, No. 11-3115, 100 Del. Cnty. Rep. 129 (Del. Cnty. Pa. Ct. Comm. Pls. June 20, 2012).  Plaintiff's disorderly conduct convictions were affirmed on appeal by the Superior Court of Pennsylvania.  <u>Commw. v. Mirra</u>, No. 1262 EDA 2012 (Pa. Super. Ct. Dec. 3, 2012).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," though plaintiff's obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)."  <u>Id.</u> (citations omitted).  This "simply calls for enough fact[s] to raise a reasonable expectation that

discovery will reveal evidence of" the necessary element.  Id. at 556.  The Court of Appeals has

made clear that after Ashcroft v. Iqbal, 556 U.S. 662 (2009), "conclusory or 'bare-bones'

allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a

cause of action, supported by mere conclusory statements, do not suffice.'  To prevent dismissal,

all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially

plausible."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009), quoting Iqbal, 556

U.S. at 678.  The Court also set forth a two part-analysis for reviewing motions to dismiss in

light of Twombly and Iqbal:

> First, the factual and legal elements of a claim should be separated.
> The District Court must accept all of the complaint's well-pleaded
> facts as true, but may disregard any legal conclusions.  Second, a
> District Court must then determine whether the facts alleged in the
> complaint are sufficient to show that the plaintiff has a "plausible
> claim for relief."

Id. at 210-11, quoting Iqbal, 556 U.S. at 679.  The Court explained, "a complaint must do more

than allege the plaintiff's entitlement to relief.  A complaint has to 'show' such an entitlement

with its facts."  Id., citing Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to

relief.'"  Iqbal, 556 U.S. at 679, quoting Fed. R. Civ. P. 8(a)(2).

## DISCUSSION

## I.    Claims against Detective Lundell

Plaintiff brings claims against detective John Lundell in Counts I, II, III, VI, VII, and IX

of his complaint but fails to set forth any factual allegations against him other than that he was

"at all times a relevant employee of defendant Darby Township" and was "acting under the color

of law in his individual capacity as [a] police officer[ ] of the Township."  Dkt. No. 1 at ¶ 3.

Plaintiff makes no other references to Detective Lundell in his complaint.  Bereft of any factual

allegations against Detective Lundell of acts that would give rise to plaintiff's alleged

constitutional rights violations, plaintiff's complaint as against Lundell cannot survive a motion

to dismiss.  See Fowler, 578 F.3d at 210.  I will grant plaintiff leave to amend to the extent that

he can assert facts demonstrating that Lundell is properly included in this action as a defendant.

See Shane v. Fauver, 213 F.3d 113, 116 (3d Cir. 2000) (holding that a district court should not

dismiss a plaintiff's claims "without either granting leave to amend or concluding that any

amendment would be futile").

**II.     Counts I, II, III Fourth Amendment and Count VII Malicious Prosecution Claims**

        Construed liberally, in Count II of his complaint, under the heading "Excessive Force,

False Arrest, False Imprisonment and Malicious Prosecution, Section 1983, Civil Rights Act"

plaintiff asserts violations of his rights under the Fourth Amendment stemming from his arrest

and detention.  Dkt. No. 1 at Count II.  Similarly, in Count I of his complaint, plaintiff contends

that defendants' actions on May 23, 2011 "constitute violations of plaintiff's constitutionally

protected right to be secure in his person as provided by the 4th Amendment of the United States

Constitution."  Dkt. No. 1 at ¶ 29.  In Count III of his complaint, under the heading "Deprivation

of Federally-Protected Rights 4th Amendment," plaintiff contends that he was "deprived . . . of

his rights under the Laws and Constitution of the United States, in particular the Fourth

Amendment and 42 U.S.C.A. § 1983."  Id. at ¶ 34.

        Defendants assert that because plaintiff was found guilty of two counts of summary

disorderly conduct and of a charge of driving with a suspended license related to driving under

the influence, probable cause existed for his arrest and he is therefore barred from asserting any

claims under federal or state law for false arrest, false imprisonment or malicious prosecution, specifically, the Fourth Amendment claims he asserts in Counts I through III of his complaint (excluding his excessive force claim in Count II) and his claim of malicious prosecution in Count VII.  See Dkt. No. 4 at ECF pp. 11-15.  Although he admits that he was found guilty of two counts of summary disorderly conduct and a charge of driving with a suspended license related to driving under the influence, plaintiff counters that his claims should not be dismissed because he was not found guilty of the charges of aggravated arrest and resisting arrest.  See Dkt. No. 5 at ECF p. 13.  I disagree with plaintiff.

In Heck v. Humprey, 512 U.S. 477, 486-87 (1994) the Supreme Court ruled that a plaintiff is barred from bringing a constitutional claim pursuant to § 1983 if a judgment in his favor would demonstrate or imply the invalidity of his criminal conviction.  A plaintiff seeking to bring a § 1983 claim "for harm caused by actions whose unlawfulness would render a conviction or sentence invalid," must show that his prior conviction was terminated in his favor. See id. at 486-87.  The purpose of the favorable termination requirement is to avoid "the possibility of the claimant [sic] succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction." Id. at 484. Plaintiff here does not allege that his summary disorderly conviction was "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus" as Heck requires.  Id. at 487.  Instead citing to Uboh v. Reno, 141 F.3d 1000 (11th Cir. 1998) and Janetka v. Dabe, 892 F.2d 187 (2d Cir. 1989) plaintiff argues that "a false arrest, false imprisonment and malicious prosecution claim can be made where the acquittal was on a charge

arising out of different 'acts' of the plaintiff where one is found not guilty of aggravated assault and resisting arrest but convicted on the separate charge of [d]isorderly [c]onduct." Dkt. No. 5 at ECF p. 13.

The Court of Appeals in <u>Kossler v. Cristanti</u>, 564 F.3d 181 (3d Cir. 2009) has made clear that an acquittal on at least one criminal charge, when the charge arose out of the same act for which the plaintiff was convicted on a different charge during the same criminal prosecution, does not constitute favorable termination for the purposes of a subsequent claim. <u>Id.</u> at 188. Here, plaintiff patently overlooks the fact that the Court of Appeals has explicitly disagreed with <u>Janetka</u> and held that "[w]e are not bound by <u>Janetka</u> and disagree with it insofar as it rejects an analysis that considers whether the charge resulting in acquittal arises out of the same conduct as the charge resulting in conviction." <u>Kossler</u>, 564 F.3d at 190. The Court explained that the plaintiff in <u>Janetka</u> was charged with two distinct offenses involving distinct allegations so that although the charges arose out of events that occurred on the same occasion they did not arise out of the same criminal conduct. <u>Id.</u> at 190-91. It found that the <u>Janetka</u> court, without explicitly stating that it did so, engaged in an inquiry to punish two sets of conduct even where the charges can be traced to the same events that occurred on one occasion. <u>Id.</u> Similarly, the Court of Appeals explained that in <u>Uboh</u> it was only after the Eleventh Circuit "determined that the charges for which the plaintiff was convicted and the charges which were dismissed aimed to punish separate conduct" did it allow the action based on the latter charges to proceed. <u>Id.</u> at 191. The Court ruled that "favorable termination of some but not all individual charges does not necessarily establish the favorable termination of the criminal proceeding as a whole. Rather we conclude that, upon examination of the entire criminal proceeding, the judgment must indicate the plaintiff's innocence of the alleged misconduct underlying the offenses charged." <u>Id.</u> at 188.

In the instant case, while plaintiff was found not guilty of aggravated assault and resisting arrest in a jury trial, he was found guilty of two counts of disorderly conduct, 18 Pa. Cons. Stat. § 5503 (a)(1), (a)(4) arising out of the May 23, 2011 incident with officer Fynes.  See Commw. v. Mirra, 100 Del. Cnty. Rep. at 129.  The trial court opinion made clear that the conduct that plaintiff was acquitted of and that of which he was convicted arose out of the same act of plaintiff's altercation with officer Fynes.[1]  Plaintiff's disorderly conduct convictions were affirmed on appeal by the Superior Court of Pennsylvania.  Commw. v. Mirra, No. 1262 EDA 2012.  Therefore, it cannot be said that plaintiff's criminal proceedings were terminated in his favor and his § 1983 claims of false arrest, false imprisonment and malicious prosecution are barred by Heck.

Likewise, to succeed on a malicious prosecution claim under Pennsylvania law,[2] a plaintiff is required to show that proceedings were terminated in his favor.  Corrigan v. Cent. Tax Bureau of Pa., 828 A.2d 502, 505 (Pa. Commw. Ct. 2003).  Criminal proceedings are terminated in favor of the accused by (a) a discharge by a magistrate at a preliminary hearing, or (b) the refusal of a grand jury to indict, or (c) the formal abandonment of the proceedings by the public prosecutor, or (d) the quashing of an indictment or information, or (e) an acquittal, or (f) a final

---

[1]

> The [plaintiff]'s actions in using offensive language towards Officer Fynes and speaking about Officer Fynes's wife in a negative manner, combined with the combative actions he took flailing around on the ground while the police officers were attempting to secure him and the actions he took attempting to shake the van while it was transporting him to the police department all support the court's decision to find the [plaintiff] guilty of committing two counts of disorderly conduct.

Commw. v. Mirra, 100 Del. Cnty. Rep. at 132.

[2] Because the events giving rise to plaintiff's claims took place solely in the state of Pennsylvania, and not in the state of Delaware, I will dismiss his claims to the extent he asserts them under the Delaware Constitution and the laws of the State of Delaware.  See Dkt. No. 1 at ¶ 32.

order in favor of the accused by a trial or appellate court.  Haefner v. Burkey, 626 A.2d 519, 521 (Pa. 1993).  Plaintiff is unable to demonstrate that proceedings against him were terminated in his favor and I find that he therefore does not have a viable state law malicious prosecution claim against defendants.  See Commw. v. Mirra, 100 Del. Cnty. Rep. 129; Commw. v. Mirra, No. 1262 EDA 2012.

Because plaintiff's pleadings do not suggest that he could conceivably establish that his prior criminal convictions were terminated in his favor, I find that any amendment of the claims discussed above would be futile.  See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997) (finding that "futility" may "justify a denial of leave to amend").  Accordingly, I will dismiss with prejudice Counts I, II, III and VII of plaintiff's complaint to the extent that they assert claims which depend on a finding of a favorable termination of his convictions.

## III.    Fourteenth Amendment Claims

Plaintiff asserts in Count III that he was allegedly deprived of his "right[s] to be secure in this person, to be free from unlawful seizures, arrests and the excessive use of force, and to be afforded due process and equal protection under the laws."  Dkt. No. 1 at ¶ 35.  In his response to defendants' motion to dismiss, plaintiff argues that his "claims under the 14th Amendments [sic] cannot be dismissed" because "officer Fynes . . . further deprived him of his rights, immunities and liberty interests secured specifically under the 14th Amendment . . . by subjecting Mr. Freeman [sic] to an unlawful seizure and arrest.  Officer Fynes further violated plaintiff's substantive due process rights as the Officer knowingly perpetrated an illegal arrest . . . ."  Dkt. No. 5 at ECF p. 8.  However, the Court of Appeals has made clear in Washington v. Hanshaw, No. 13-1116, 2014 WL 67887, at *2-3 (3d Cir. Jan. 9, 2014) that "if a right to be free from

prosecution absent probable cause exists, it must [ ] be grounded on the Fourth Amendment's prohibition on unreasonable searches and seizures." Id. at *3, citing Albright v. Oliver, 510 U.S. 266, 273 (1994).  Thus plaintiff's Count III claims of unlawful seizure and illegal arrest are grounded in the Fourth Amendment.

Accordingly, to the extent that plaintiff endeavors to assert a claim of unlawful seizure and illegal arrest pursuant to the Fourteenth Amendment, I will dismiss his claims[3] but will grant him leave to amend to assert, if any, proper claims under the Fourteenth Amendment.  See Shane, 213 F.3d at 116.

## IV.    Claims against Darby Township

Plaintiff alleges that Darby Township and its police department  "as a matter of policy and practice failed to discipline, train, supervise or otherwise sanction police officers who violate the rights of citizens, including the plaintiff's, thus encouraging defendants Detective Lundell and Officer Fynes in this case to engage in the unlawful and actionable conduct described . . . . " Dkt. No. 1. at ¶ 37.  He also alleges that the Township and its police department, "as a further matter of policy and practice failed to train properly its police officers, including defendants, Detective Lundell and Fynes in this case, with respect to the constitutional, statutory and departmental limits of their authority."  Id. ¶ 38.  Finally, plaintiff alleges that the Township and its police department "were on actual notice of a need to train, supervise, discipline or terminate its defendant officers prior to the incident in question as other similar incidents have occurred in the past involving defendants Detective Lundell and Officer Fynes."  Id. at ¶ 40.  Plaintiff also alleges that the Township's actions "amounted to deliberate indifference to [his] serious medical need in denying an delaying access to medical care to the plaintiff for over five hours."  Id. at ¶

---

[3]        Because I have dismissed plaintiff's claims in Counts I and III in their entirety, I need not consider defendants' motion to strike those claims.

44.

Here, plaintiff's <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978), claims against the Township fail.  To establish a <u>Monell</u> claim under § 1983, a plaintiff must show:  (1) the existence of a custom or policy of the municipality and (2) that the municipality's employees violated the plaintiff's civil rights while acting pursuant to this custom or policy.  <u>Winslow v. Borough of Malvern Pa.</u>, 2009 WL 4609590, at *6 (E.D. Pa. Dec. 7, 2009), <u>citing</u> <u>Monell</u>, 436 U.S. at 694.  A municipality's failure to adequately train its officers and employees gives rise to a cause of action under § 1983 if the deficient training reflects a deliberate indifference to an individual's civil rights and is closely related to the ultimate injury.  <u>Kline ex rel Arndt v. Mansfield</u>, 255 F. App'x 624, 629 (3d Cir. 2007), <u>citing</u> <u>City of Canton v. Harris</u>, 489 U.S. 378, 388 (1989).  Here, plaintiff's complaint provides no factual details regarding the existence, scope or application of the alleged Township policy, practice, procedure or custom that is essential to his claim.  Plaintiff's allegations amount to mere conclusory statements and a recitation of the elements required to bring forth a <u>Monell</u> claim, and are thus insufficient.

 Plaintiff argues that <u>Weston v. Pennsylvania</u>, 251 F.3d 420, 429 (3d Cir. 2001) and <u>Walker v. North Wales Borough</u>, 395 F. Supp. 2d 219 (E.D. Pa. 2005) have ruled that "in federal civil cases a claimant does not have to set out in detail the facts upon which a claim is based, but must merely provide a statement sufficient to put the opposing party on notice."  Dkt. No. 5 at ECF p. 10.  Here, plaintiff is erroneously reciting the pleading standard from <u>Conley v. Gibson</u>, 355 U.S. 41 (1957), which was overruled by <u>Twombly</u> and <u>Iqbal</u>.  Plaintiff also cites to <u>Evancho v. Fisher</u>, 423 F.3d 347, 355 (3d Cir. 2005) for the proposition that his civil rights complaint is adequate because it states the conduct, time, place and persons responsible for the alleged violation.  Dkt. No. 5 at ECF p. 11.  The rule in <u>Evancho</u> can be traced to <u>Hall v. Pa. State Police</u>,

570 F.2d 86, 89 (3d Cir. 1978), wherein the Court of Appeals held that the plaintiff's complaint met the pleading standard set forth in Rotolo v. Borough of Charleroi, 532 F.2d 920, 922-23 (3d Cir. 1976), because it had set forth the conduct, time, place and persons responsible.  See Boykins v. Ambridge Area Sch. Dist., 621 F.2d 75, 80 (3d Cir. 1980).  However, Rotolo is again inapposite to plaintiff's argument because the pleading standard in Rotolo was an application of the defunct Conley standard.[4]  See Rotolo, 532 F.2d at 922.

In his response to defendants' motion, plaintiff argues that, as he had described in his complaint, the Township was on notice of its need to provide training "as a result of prior civil lawsuits, internal affairs complaints, and complaints from the general community."  Dkt. No. 5 at ECF p. 11.  Plaintiff's assertion is contravened by a plain reading of his complaint which is bereft of this specific allegation.  However, even if this allegation were in his complaint, it is merely conclusory and insufficient under Twombly.  Plaintiff has not sufficiently alleged a claim against the Township under Monell.

I will dismiss Count IV, and Count VI as against the Township, of plaintiff's complaint with leave to amend to include sufficiently specific allegations setting forth a Township policy or custom or specific failure to train that led to the alleged violations of his constitutional rights. See Shane, 213 F.3d at 116.

An appropriate Order follows.

---

[4]     The Court is troubled by plaintiff's failure to reference the Supreme Court's landmark decisions in Twombly and Iqbal, both of which refined the pleading standard set forth in Rule 8 of the Federal Rules of Civil Procedure.  See Dkt. No. 5 at ECF pp. 6-7.